AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
November 15, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>Rigoberto Lopez-Chavez )<br>*Defendant* ) | Case No. 4:19-cr-2101 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
On November 12, 2019, the Court held a hearing to determine whether Defendant Rigoberto Lopez-Chavez should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in a Criminal Complaint, Case No. 4:19-mj-2101 with possession with intent to distribute a controlled substance, specifically over 500 grams of methamphetamine ("meth") and conspiracy to possess with intent to distribute over 500 grams of meth in violation of 21 USC §§ 841(a)(1) & (b)(1)(A)(viii) and 846. Assistant United States Attorney Robert Stabe appeared on behalf of the United States (the "Government"); Assistant Federal Public Defender Darryl Austin appeared on behalf of Defendant.

Defendant's Background

Pretrial Services ("PTS") gave a truncated report without interviewing the Defendant.

Defendant is 39 years old and may be a citizen of Mexico, in any event he is an alien with no legal status in the United States. Immigration and Customs Enforcement ("ICE") was considering lodging a detainer with the United States Marshal's Service.

He has no criminal record. PTS recommended detention.

Evidence Regarding the Pending Complaint

At the hearing, the Government offered testimony of an Officer with the Pasadena Police Department Narcotics Division who is a Task Field Officer ("TFO") with the Drug Enforcement Administration ("DEA"), concerning the investigation and Defendant's subsequent arrest. The Court finds his testimony to be credible. He testified to the following:

1.   TFO was involved in the narcotics investigation leading up to Defendant's arrest.

2.   The investigation began with information regarding a suspected drug organization selling large amounts of drugs in Houston. One of the members on TFO's team was asked to act undercover ("UC") in setting up a drug transaction.

3.   The initial contact was with an unknown source in Mexico. Eventually after several calls, the UC and source arranged a transaction to purchase 15 kilos of meth for $5,500, or a total of $82,500. The source said he would have someone contact UC for the delivery.

4.   UC received a call from Defendant who said he would deliver the drugs to UC. They established a location and time: a parking lot at Woodridge and I-45 on November 7, 2019 at noon. The morning of the meeting, Pasadena PD started surveillance of the lot. Defendant was delayed. The meeting occurred about 2:00 p.m.

5.   Defendant called UC to let him know he arrived at the lot. Defendant pulled into the spot next to the UC's vehicle. The men briefly talked from their cars, UC exited his car, walked to the passenger side of the Defendant's car. Another UC stood between the two cars. UC was standing beside Defendant's car with the door open and looked in. After he

confirmed Defendant had what appeared to be the drugs, he gave his team the prearranged signal to arrest. The team moved in and blocked Defendant's SUV from moving. Photos of drugs were taken at the scene. Defendant was arrested and taken to Pasadena City jail.

6. His vehicle was searched at the Pasadena City lot. The officers seized 15.6 kilos of meth.

7. Defendant was given his Miranda warnings. In a post-Miranda statement, he said that a childhood friend had asked him to transport drugs for $1500. He knew that there were drugs in the car. He picked the drugs up at 610 and Beechnut from an unknown persons.

8. Defendant stated that he was in the United States illegally.
Defendant did not put on any evidence.

Order

This is a presumption case. In addition, the Government established by clear and convincing evidence that the Defendant committed the crime with which he is charged: possession with intent to distribute a controlled substance, specifically over 500 grams of methamphetamine ("meth") and conspiracy to possess with intent to distribute over 500 grams of meth in violation of 21 USC §§ 841(a)(1) & (b)(1)(A)(viii) and 846. At the time he was arrested, he was in possession of a large quantity of illegal drugs, over 15 kilos of meth, which is a dangerous and instantly addictive drug. He admitted that he knew he was transporting drugs. He admitted he was to be paid $1500 for transporting drugs. He was doing so at the request of a childhood friend. Defendant is a danger to the community.

In addition, the Government established by a preponderance of the evidence that the Defendant is a flight risk because he has no legal status in the county. He therefore has no legal status to work or reside in the country. Thus, the Court finds that Defendant is a flight risk.

Defendant failed to rebut the presumption that he is either a danger to the community or flight risk.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     11/15/2019                               *Dena Palermo*
                                                   United States Magistrate Judge